```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                      ATHENS DIVISION
```

BRUCE LLOYD MANLEY,              *

    Plaintiff,               *

vs.                              *
                                      CASE NO. 3:12-CV-89 (CDL)
ELIZABETH ANN KING and LAURA     *
SHIPES KING,
                              *

    Defendants.
                              *

## O R D E R

Plaintiff Bruce Lloyd Manley ("Manley"), proceeding *pro se* and *in forma pauperis*, filed this action against his ex-wife, Elizabeth Ann King ("King"), and her mother, Laura Shipes King ("Shipes"). Manley brought federal claims against King and Shipes under 42 U.S.C. § 1983 ("§ 1983") and 42 U.S.C. § 1985 ("§ 1985"). The Court has conducted a preliminary review of Manley's Complaint and Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). Based on that review, the Court concludes that Manley's Complaint and Amended Complaint fail to state a claim under § 1983 and § 1985. Those claims are therefore dismissed. The Court declines to exercise supplemental jurisdiction over Manley's remaining state law claim.

## DISCUSSION

During their brief marriage, Manley and King had a son. Manley contends that King and Shipes conspired with an attorney

and a superior court judge to deprive Manley of his right to custody of his son. Manley asserts claims against King and Shipes under § 1983 and § 1985. *E.g.,* Am. Compl. ¶ 1, ECF No. 10. Based on these claims, Manley contends that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. As explained below, however, Manley's Complaint and Amended Complaint fail to state a claim under § 1983 and § 1985.

Because Manley is proceeding *in forma pauperis*, the Court may conduct a preliminary review of his claims, and the Court is required to dismiss Manley's action if the Court determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *accord Thibeaux v. U.S. Attorney Gen.*, 275 F. App'x 889, 890-93 (11th Cir. 2008) (per curiam) (affirming *sua sponte* dismissal pursuant to 28 U.S.C. § 1915). "The same standards governing dismissals under Fed. R. Civ. P. 12(b)(6) apply to dismissals under § 1915(e)(2)(B)(ii)." *Shanks v. Potter*, 451 F. App'x 815, 817 (11th Cir. 2011) (per curiam). Under Rule 12(b)(6), the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons,*

2

*Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570).

Section 1983 provides a right of action against a person "acting under color of state law." *Butler v. Sheriff of Palm Beach Cnty.*, No. 11-13933, 2012 WL 2602021, at *3 (July 6, 2012). Therefore, to state a § 1983 claim, Manley must allege that the conduct complained of "was committed by a person acting under color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Id.* Significantly, "one who has obtained a state court order or judgment is not engaged in state action merely because [he] used the state court legal process." *Shuler v. Swatek*, 465 F. App'x 900, 903 (11th Cir. 2012) (per curiam).

Manley argues that King and Shipes were transformed into state actors because they conspired with a state actor—a superior court judge—to reduce or revoke Manley's custody rights. Specifically, Manley alleges that King petitioned for *ex parte* rulings on certain custody-related motions and that either Judge William Prior or Judge Hugh Wingfield granted the relief King sought. *See* Am. Compl. ¶¶ 14, 19. A state actor's "[m]ere approval or acquiescence in the private actor's choice

3

is not enough" to state a claim under § 1983. *Langston ex rel. Langston v. ACT,* 890 F.2d 380, 385 (11th Cir. 1989). Rather, the state must enter the decision-making process so that the private actor's choice can be deemed that of the state. *E.g., id.* Therefore, "[f]or purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." *Harvey*, 949 F.2d at 1133.

Here, Manley summarily alleges that King and Shipes participated in a conspiracy with Prior to deprive Manley of his custody rights without due process. Manley has not, however, pled "in detail, through reference to material facts, the relationship or nature of the conspiracy" between Prior, King and Shipes. *Id.* Manley merely alleges that it is "plausible" that Prior acted based on "personal bias." Am. Compl. ¶ 27. Manley's Complaint and Amended Complaint are devoid of any factual allegations to suggest that Prior, King and Shipes "reached an understanding" to violate his rights. *Harvey*, 949 F.2d at 1133. Instead, Manley's Complaint and Amended Complaint consist of "purely conclusory allegations that do not plead conspiracy sufficiently to transform" King and Shipes into state actors. *Id.* Manley's § 1983 claim against King and Shipes therefore fails.

Turning to Manley's § 1985 claim, the Court construes it as a claim under § 1985(3).  Section 1985(3) prohibits conspiracies to deprive persons of their rights or privileges.  42 U.S.C. § 1985(3).[1]  As discussed above, Manley's Complaint and Amended Complaint fail to sufficiently allege a conspiracy between King and Shipes and a state actor.  Moreover, "the only claims that have been recognized by the Supreme Court as viable under § 1985(3) against private defendants are claims for deprivation of the right to interstate travel and freedom from involuntary servitude."  *Shuler v. Swatek*, 465 F. App'x 900, 903 (11th Cir. 2012) (per curiam).  Neither Manley's Complaint nor his Amended Complaint alleges a violation of either of these rights, and the Court declines to expand the rights protected by § 1985(3).  Therefore, Manley's Complaint and Amended Complaint fail to state a claim under § 1985(3).

Manley also cites 18 U.S.C. § 1513 as a basis for one of his claims.  Am. Compl. 8.  18 U.S.C. § 1513 is a federal criminal statute that prohibits retaliation against a witness, victim or informant.  *See generally* 18 U.S.C. § 1513 (criminalizing retaliation in the form of killing, attempting to kill, causing or threatening bodily injury, or damaging or

---

[1] Section 1985(1) relates to conspiracies to prevent officers from performing their duties, and § 1985(2) relates to conspiracies to obstruct justice by intimidating parties, witnesses or jurors.  *See* 42 U.S.C. § 1985(1)-(2).  Only § 1985(3) relates to conspiracies to deprive persons of their rights or privileges.  *See generally* 42 U.S.C. § 1985.

threatening to damage the property of a witness, victim or informant). 18 U.S.C. § 1513, however, does not provide a private right of action, so Manley cannot base a claim on the statute, and the statute cannot provide a basis for federal question jurisdiction.

Manley's remaining claim is a state law claim for intentional infliction of emotional distress. *E.g.,* Am. Compl. 7-8. Given that there are no remaining federal claims on which subject matter jurisdiction may be premised, the Court declines to exercise supplemental jurisdiction over Manley's state law claim. *See* 28 U.S.C. § 1367(c)(2).

## CONCLUSION

For the reasons set forth above, Manley's Complaint and Amended Complaint fail to state a claim over which this Court has jurisdiction. Therefore, his action against King and Shipes is dismissed pursuant to § 1915(e)(2)(B). Manley's Motion for Declaratory Judgment, Temporary Restraining Order and Preliminary Injunction (ECF No. 14) is denied as moot, and the hearing scheduled for Tuesday, August 7, 2012 is hereby canceled.

In closing, the Court acknowledges that Manley asserts that he filed this action because he is concerned for the safety of his son. While the Court does not intend to diminish the seriousness of this allegation by today's Order, the Court

simply has no authority to adjudicate disputes that do not involve claims that are cognizable under federal law. The Court observes that Manley has other available remedies existing under state law to protect his son. For immediate threats to his son's safety, state courts have authority to issue emergency protective restraining orders. Moreover, state law enforcement agencies and the Georgia Department of Family and Children's Services should be available to respond to legitimate concerns.

IT IS SO ORDERED, this 3rd day of August, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE